IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN SMITH                                                                                       PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:05cv570 WJG-JMR

CARL ZEISS SMT ,INC                                                                    DEFENDANT

MEMORANDUM OPINION

This matter is before the Court upon motion of the Defendant to change venue [5-1] of this action to the United States District Court for the Southern District of New York, Division pursuant to 28 U.S.C. § 1404(a)and (b).

After due consideration of the brief of counsel, the evidence of record, the applicable law, and being otherwise fully advised in the premises, this Court finds that the motion is well-taken and should be sustained.

FACTS

Plaintiff is a resident of Stone County Mississippi and filed this matter in this Court concerning his allegations of wrongful termination and discrimination .Defendant is a corporation incorporated in Delaware with its principle place of business within the Southern District of New York. Plaintiff was working out of his home in Mississippi as his base but his job duties required him to traveled nationally on a frequent basis. Plaintiff is employed as a Service Engineer whose duties included maintaining and servicing microscopes of Defendant's customers who have maintenance agreements nationally. As Defendant 's sole employee based in Mississippi, Plaintiff reported to individuals who worked in New York. He frequently traveled

to New York as part of his employment for training seminars. He received his payroll and his benefits were administered from New York.

## LAW

As an alternative to dismissing an action without prejudice under the common law doctrine of *forum non conveniens*, Congress created a means by which a district court may order a change of venue or transfer a case for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. 1404 (1948). Section 1404 supersedes the common law doctrine of *forum non conveniens* and also broadens the discretion of the trial court from that which previously existed under the common law doctrine. In determining whether to transfer venue in a particular case, " the court must exercise its discretion in light of the particular circumstances of the case". *Hanby v. Shell Oil.,*iv.A1:00cv331,2001WL640639,at*3(E.D.Tex.March5,2001)(citing *Radio Santa Fe v. Sena,* 687 F.Supp.284,287(E.D.Tex.1988). In doing so, the Court must balance two categories of interests (1) the so-called private interests which take into account the convenience of the litigant, and (2) the public interests, which take into account the fair and efficient administration of justice. *Hanby,* 2001 WL 640639, at *3(citing *Robertson v. Kiamichi RR Co.L.L.C.*, 42 F.Supp.2d 651,655(E.D.Tex.1999)).

The factors utilized by the district court in making its decision under *forum non conveniens* have remained unchanged and are to be applied by the court when making a determination under § 1404. <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508-09 (1947); <u>Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.</u>, 725 F. Supp. 317, 321 (S.D.Miss. 1989).

The Supreme Court explained that:

> [i]mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view

> would be appropriate to the action; and all of the practical problems that make trial of a case easy, expeditious and inexpensive . . . The court will weigh relative advantages and obstacles to fair trial . . . .
>
> Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation . . . There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case. *Id*

### A. AVAILABILITY AND CONVENIENCE OF PARTY AND NON-PARTY WITNESSES

One of the most significant factors in considering a Motion to Transfer a case pursuant to 28 U.S.C. §1404 (a) is the convenience of the party and non-party witnesses. Apache Products Co. v. Employers Ins., 154 F.R.D. 650, 653 (S.D. Miss. 1994); Sorrels Steel Co.,Inc. v. Great Southwest Corp., 651 F.Supp at 623,629; Paul v. International Metals Corp., 613 F.Supp 174,179 (S.D.Miss. 1985). Plaintiff, John Smith resides in Mississippi. Any non- party witnesses who would testify on his behalf would reside in the Southern District of Mississippi. These witnesses would testify about his health and emotional distress. From his brief, he indicates his witnesses may include his wife, his daughter and his doctor. He indicates he might call other field service engineers who reside in various places across the country.

Defendant's headquarters are located in the Southern District of New York. Defendant represents that eight of ten witnesses it would call to testify in this matter reside in the Southern District of New York. Moreover, while two key witnesses , reside in Texas and California, they travel frequently to the Southern District of New York. Defendant represents that the sole non party witness it may call resides in Texas. Accordingly, The Court finds Plaintiff's choice of

forum should not be heavily weighted in his favor as there are few witnesses in Mississippi and no indication that they would not appear at trial or be deposed .

### B. EASE OF ACCESS TO PROOF

In addition, the Court finds that the Defendants' corporate records are located in its office in New York. These records would include Plaintiff 's personnel records, Company's contracts with its customers and the Company's benefits policies and payroll policies. Plaintiff's records would be his medical records which will located in Mississippi. The Court finds this factor must be weighed in consideration of the transfer of this suit to New York. Sorrels, 651 F.Supp.at 629; Paul, 613 F.Supp at 179-180.

### C. AVAILABILITY OF COMPULSORY PROCESS

The availability of compulsory process to insure the attendance of an unwilling witnesses is an important consideration in a transfer decision. Sorrels, 651 F.Supp. at 629; Koehring Co. v. Hyde Constr.Co, 324 F.2d at 295 -296 (5th Cir. 1963); Fullman v. AAA Cooper Transportation Corp., 732 F.Supp at 54,55 (N.D.Miss.1990). Neither party has indicated there will be unwilling witnesses. Most fact witnesses will more likely be located in the Southern District of New York. This Court has considered Rule 45 (b)(2) of the Federal Rules of Civil and interprets the hundred miles referenced in this Rule to be the most direct route between two points or "as the crow flies". Thus, the Southern District of New York would be the most convenient forum to litigate this matter to insure that fact witnesses would respond to compulsory process.

### D. FACTORS OF PUBLIC DIFFICULTY

1.       Administrative Difficulties

There is no evidence that there is a significant difference of case load between the United States District Court for the Southern District of Mississippi, Southern Division and the caseload of the United States District Court for the Southern District of New York. Thus, plaintiff or defendant will not be prejudiced by having this litigation "piled up in a more congested center". Hartford Fire Ins.Co., Supra, 725 F.Supp.at 321.

2. Jury Concerns

The Plaintiff was based in Mississippi but extensively traveled for business outside of the state and the Defendant corporation's principal place of business is New York where Plaintiff was employed and the decision to terminate was made. Thus, the Court finds that the community in United States District Court for the Southern District of New York has a much closer relationship with this litigation than does the community of the Southern District of Mississippi, Southern Division. Thus, this factor of public interest leans toward allowing this matter to transfer to the United States District Court for the Southern District of New York

### F. CONCLUSION

The above captioned case was originally filed in the United States District Court for the Southern District of Mississippi, Southern Division. Consideration of the convenience of the parties and witnesses and the interest of justice require that this case be transferred from this district pursuant to 28 U.S.C. §1404(a). Plaintiff has demonstrated no connection with this incident and the United States District Court for the Southern District of Mississippi except his residence. Plaintiff has not presented any evidence which demonstrates plaintiff would be

prejudiced if this matter is transferred to the United States District Court for the Southern District of New York.

Accordingly, it is the finding of this Court that Defendants' Motion to Transfer [-1] this case to the United States District Court for the Southern District of New York , shall be and hereby is granted .

So ORDERED AND ADJUDGED, this the 23rd day of August ,2006.

<u>S/*JohnM.Roper,Sr.*</u>
UNITED STATES MAGISTRATE JUDGE