IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN B. SMITH                                                                                          PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 1:05cv570WJG-JMR

CARL ZEISS SMT, INC.                                                                              DEFENDANT

ORDER

THIS CAUSE is before the Court on the objection and motion to reconsider [13-1] submitted by the Plaintiff, John B. Smith, to Chief Magistrate Judge John M. Roper's order regarding a motion to change of venue [12-1] entered in this cause on August 24, 2006.  Also pending before the Court is plaintiff's motion to stay [15-1] proceedings pending ruling on the objections and motion to reconsider.

The magistrate judge has conferred with this Court and expressed his concern regarding his handling of this motion.  While the motion is plainly styled a motion for reconsideration of the magistrate judge's ruling, which is commonly handled by the judge making the ruling, rather than an appeal of the magistrate judge's ruling which is handled by the assigned district judge, the final sentence in Plaintiff's motion reads, in part, " . . . Plaintiff respectfully requests the Court to find that the Magistrate Judge clearly erred and to reverse the Magistrate Judge's Opinion and Order transferring venue in this case."  (Ct. R., Doc. 13, p. 6.)  Rather than dismiss the motion as improperly filed, the Court will construe and convert Plaintiff's motion to reconsider as and to an appeal of the magistrate judge's decision, and will deny the motion to reconsider as moot.

Counsel for Plaintiff is admonished to carefully title and properly select the CM/ECF filing option for all motions and pleadings filed in this Court in the future.

The Plaintiff claims that the magistrate judge erroneously determined that the case should be transferred to New York. (Ct. R., Doc. 13, p. 1.) Smith claims that several witnesses reside in Mississippi and that it would not be convenient to these witnesses to transfer the case to New York. (*Id*., p. 3.) The Defendant asserts that the ruling correctly finds that the case should be transferred. (Ct. R., Doc. 18.)

The magistrate judge reviewed and addressed the parties' positions regarding change of venue. (Ct. R., Doc. 11.) The district court will not reverse a magistrate judge's non-dispositive rulings unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A motion to transfer venue involves a non-dispositive pretrial matter, which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). *See, e.g. Shenker v. Murasky,* 1996 WL 650974 (E.D. N.Y. 1996); *Harris v. Edward Hyman Co.*, 664 F.2d 943, 945 n.7 (5th Cir. 1981).

This Court may set aside any magistrate judge's ruling if it finds the ruling to be clearly erroneous or contrary to law. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The Court has thoroughly reviewed the parties' positions and finds no reason to set aside the magistrate judge's ruling on the motion to change venue. The Court concludes that the parties' objections to the magistrate judge's order should be denied, as neither standard for setting aside that ruling is applicable in the instant case. The Court further finds that the motion to stay should be denied as moot. It is, therefore,

ORDERED that Plaintiff's appeal of the magistrate judge's decision be, and is hereby, denied. It is further,

ORDERED that the motion to reconsider [13-1], and objection to the magistrate judge's ruling regarding a change of venue in this case be, and is hereby, denied as moot.  It is further,

ORDERED that Plaintiff's motion to stay [15-1] be, and is hereby, denied as moot.

SO ORDERED, this the 5th day of March, 2007.

                                            *Walter J. Gex III*
                                UNITED STATES SENIOR DISTRICT JUDGE